**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**FREDERICK BANKS, #05711-068**                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 5:07-cv-117-DCB-MTP**

**CONSTANCE REESE**                                                              **DEFENDANT**

**ORDER REVOKING IN FORMA PAUPERIS STATUS AND
REQUIRING PLAINTIFF TO PAY FILING FEE**

Before this court is the plaintiff's civil rights complaint filed pursuant to Title 42, United States Code, Section 1983. Frederick Banks was previously granted in forma pauperis ("i.f.p.") status in this cause pursuant to 28 U.S.C. § 1915. It has come to the attention of the court that plaintiff has on not less than three occasions, while incarcerated, brought a civil action or appeal under § 1915 which has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Thus, for the reasons stated below, plaintiff's i.f.p. status should be revoked pursuant to 28 U.S.C. § 1915(g).

DISCUSSION

On April 26, 1996 the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("PLRA") became law. The PLRA modifies the requirements for proceeding in forma pauperis in federal courts. Among other things, a prisoner's privilege to proceed i.f.p. is revoked if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[1] The court must

_____

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief

consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. <u>Adepegba v. Hammons</u>, 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim).  Additionally, the "three strikes" provision applies to cases pending prior to the enactment of the PLRA.

> Although section 1915(g) attaches consequences to past actions, we find that these consequences are matters of procedure.  Section 1915(g) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures... Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee.  This requirement is neither novel or penal.  It does not increase a prisoner's liability, but merely puts prisoners who abuse a privilege on the same footing as everyone else. <u>Id</u>. at 386-87.

Frederick Banks has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[2]  Therefore, revocation of the plaintiff's i.f.p. privilege is appropriate. <u>Id</u>. at 387.

**IT IS THEREFORE ORDERED AND ADJUDGED,** that plaintiff's <u>in forma pauperis</u> status should be, and is hereby revoked pursuant to 28 U.S.C. § 1915(g).

---

may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2]  In <u>Banks v. Hayward, et al.</u>, No. 06-509 (W.D. Pa. May 30, 2006), plaintiff's claim was dismissed for failure to state a claim.
   In <u>Banks v. Hayward, et al.</u>, No. 06-1572 (W.D. Pa. Jan. 10, 2007), plaintiff's claim was dismissed as frivolous and/or for failure to state a claim.
   In <u>Banks v. Dove, et al.</u>, No. 06-2289 (M.D. Pa. Jan. 16, 2007), plaintiff's claim was dismissed as frivolous.
   In <u>Banks v. Pittsburgh Tribune Review, et al.</u>, No. 07-336 (W.D. Pa. May 4, 2007), plaintiff's claim was dismissed for failure to state a claim.

**IT IS FURTHER ORDERED AND ADJUDGED,** that plaintiff should be, and is hereby granted thirty (30) days from the date of this order, to pay to the Clerk of Court the requisite filing fee.  **Failure to pay the filing fee may result in an order of dismissal for want of prosecution under FED. R. CIV. P. 41(b).**

**SO ORDERED AND ADJUDGED,** this the   19th   day of  November, 2007.


   s/ David Bramlette
UNITED STATES DISTRICT JUDGE


5:07-cv-117-DCB-MTP