IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**FREDERICK BANKS, #05711-068**                                                              **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:07-cv-117-DCB-MTP**

**CONSTANCE REESE**                                                                          **DEFENDANT**

MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is Plaintiff's notice of removal [31] pursuant to 28 U.S.C. § 1251(b)(1) filed April 7, 2008.  Title 28 U.S.C. § 1251(b)(1) states that the United States Supreme Court shall have original jurisdiction of "all actions or proceedings to which ambassadors, other public ministers, consuls, or vice consuls of foreign states are parties."  This Court finds that the Plaintiff is not a member of any of these groups which would allow for jurisdiction in the United States Supreme Court.  Therefore, this Court finds that jurisdiction is proper in this Court notwithstanding this notice and will proceed with this case accordingly.

This cause comes before this Court *sua sponte* for consideration of dismissal.  On November 20, 2007, an order was entered revoking the prisoner Plaintiff's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g)[1] and requiring Plaintiff to pay the full filing fee, within thirty days.  The Plaintiff was warned that his failure to pay the filing fee in a timely manner would result in the dismissal of this case without further written notice.  Instead of paying the filing fee, the Plaintiff filed a motion for reconsideration [21] with a purported promissory note attached.

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

On December 13, 2007, the Court entered an order denying Plaintiff's motion for reconsideration and finding the promissory note to not be an acceptable form of payment for the filing fee in this case. The Plaintiff was granted an extension of time until December 20, 2007, to comply with this Court's order of November 20, 2007, by paying the required filing fee of $350.00. The Plaintiff was explicitly warned that if the Court did not receive payment of the filing fee for this case, in an acceptable form, on or before December 20, 2007, this case would be dismissed, without further notice to the Plaintiff.

On December 26, 2007, the Plaintiff filed a motion to vacate [23] this Court's order denying the motion for reconsideration and argued that his promissory note should be considered a cash payment. On January 23, 2008, this Court entered an order denying the motion to vacate. On March 27, 2008, this Court entered an order to show cause directing the Plaintiff to respond in writing on or before April 14, 2008, why this case should not be dismissed for failure to comply with this Court's order of November 20, 2007. This order further directed the Plaintiff to comply with the order of November 20, 2007 by paying the filing fee on or before April 14, 2008. The Plaintiff has failed to pay the filing fee. Since the Plaintiff has failed to pay the filing fee, thereby failing to comply with the Court's orders of November 20, 2007, December 13, 2007 and March 27, 2008, this case will be dismissed.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at

630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Plaintiff has not complied with three court orders.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under Fed.R.Civ.P.41(b) is proper.  Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the   30th    day of April, 2008.

                               s/ David Bramlette
                             UNITED STATES DISTRICT JUDGE

5:07-cv-117-DCB-MTP